## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 07-223-06 (RMC)** |
| | ) | |
| **JULIO CESAR PARGA-RIVAS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION

Julio Cesar Parga-Rivas, a Colombian national being held on international drug trafficking charges and awaiting trial in Washington, D.C., moves to dismiss the Superseding Indictment against him for alleged violations of his right to a speedy trial pursuant to 18 U.S.C. § 3161 and the Sixth Amendment to the Constitution of the United States, as well as "unnecessary delay" under Rule 48(b) of the Federal Rules of Criminal Procedure. The Court will deny the motion. The Speedy Trial Act authorizes the Court to: (1) exclude all time until the last co-defendant in a case is extradited to the United States, 18 U.S.C. § 3161(h)(6), and (2) exclude time in the interests of justice because of the complexity of a case, 18 U.S.C. § 3161(h)(7)(B). Because each of these exclusions applies here, there is no speedy trial violation. There has been no unreasonable or undue delay in the progression of this case that would trigger a constitutional analysis or a breach of the federal rules.

## I. BACKGROUND

An Indictment returned in 2007 and a Superceding Indictment returned in 2008

charge that Mr. Parga-Rivas and six other Colombians conspired, from 2005 to 2008, and perhaps longer, to manufacture and distribute cocaine and heroin, knowing that they would be unlawfully imported into the United States.  Mr. Parga-Rivas says that he turned himself into the Colombian police on April 16, 2008, when he learned he was wanted.  He was not extradited to the United States until March of 2009 and had his initial appearance before a magistrate judge of this court on March 20, 2009, for arraignment.  He entered pleas of not guilty, and counsel was assigned to represent him.  A few days later, Mr. Parga-Rivas conceded to detention pending trial.

Mr. Parga-Rivas first appeared before the undersigned trial judge on April 3, 2009, for a status conference.  At the end of that conference, the Court found that the Speedy Trial Act should be suspended between April 3, 2009 and May 19, 2009, in the interest of justice.  A further status conference was held on May 19, 2009, at which the Government described its efforts to provide discovery to counsel for Mr. Parga-Rivas and to obtain the extradition of his co-defendants. Because of the complexity of the case (wiretaps and documents in foreign languages and alleged illegal activities in multiple foreign countries, all of which counsel needed to translate and understand, Mr. Parga-Rivas needed to listen to and understand in light of U.S. law, before counsel and client could consider his options) and the absence of co-defendants, the Court again suspended speedy trial.  However, further status conferences were held on June 2, 2009, and on July 2, 2009, at which times the Government reported its progress toward the extraditions of Mr. Parga-Rivas's co-defendants, the parties discussed the complexity of the discovery, and, over defense objections, the Court found it in the interest of justice to suspend speedy trial.  Thus, speedy trial was suspended until the next status conference, which was held on July 31, 2009.

Mr. Parga-Rivas and two of his co-defendants were present at the July 31, 2009,

status conference, at which time the Government stated that it would not await the extradition of the

remaining co-defendants for trial.  Mr. Parga-Rivas's attorney, along with the attorneys for the two

co-defendants present, requested that the Government provide an index to assist in the review of the

extensive discovery provided thus far.  In light of the continuing complexity of discovery and the

need for the newest co-defendant's counsel to review the discovery and advise his client, over

defense objections, the Court again found it in the interest of justice to suspend speedy trial until the

next status conference, which is set for October 13, 2009.[1]

In the meantime, on June 30, 2009, counsel for Mr. Parga-Rivas filed his motion to

dismiss the indictment.  See Dkt. # 13.  The United States opposes the motion.  For the reasons set

forth below, the Court will deny Mr. Parga-Rivas's motion to dismiss.

## II.  ANALYSIS

### A.  Speedy Trial Act

Mr. Parga-Rivas notes that more than seventy days have passed since his first

appearance before a judicial officer in connection with the instant case and a trial has not

commenced.  From those bare facts, he claims a clear and obvious violation of his rights under the

Speedy Trial Act.  See 18 U.S.C.  § 3161(c)(1).

According to the United States, the evidence in the case includes the results of a

lawful seizure in Colombia, in February 2007, by Colombian law enforcement of one of the alleged

narcotics shipments, totaling 1089 kilograms of cocaine and 25 kilograms of heroin, with which Mr.

---

[1] At the July 31, 2009, status conference, the Court suspended speedy trial "until the next state conference, which is presently set for September 16, 2009."  The phrasing speaks to the Court's recognition that dates are not set in stone and may change due to unforeseen scheduling conflicts, as is the case here.  The September 16 status conference was adjourned to October 13, 2009.

Parga-Rivas and his co-defendants are charged.  Colombian law enforcement also seized weapons, military gear, and communications devices.  Additionally, the members of the alleged conspiracy were lawfully intercepted during judicially authorized wire intercepts between August 2006 and November 2007, discussing arrangements for shipments of cocaine.  The Government also expects testimony from cooperating witnesses.  It alleges that Mr. Parga-Rivas was an officer in the Colombian Army who worked with co-defendant Antonio Vicente Valera Amaya, a member of the United Self-Defense Forces of Colombia (AUC).  The Defendants are alleged to have operated in the countries of Colombia, Dominican Republic, Haiti, Honduras, Jamaica, Mexico, the United States, and elsewhere.

Mr. Parga-Rivas was the first of the co-defendants to be extradited to the United States.  Defendant Juan Carlos Bonilla-Medina was extradited on July 1, 2009, and Defendant Alvaro Montero-Monsalvo was extradited shortly thereafter.  Defendant Antonio Vicente Valera-Amaya was not extradited as scheduled earlier this year because of a medical condition.  Defendant Fabio Javier Gutierrez-Pacheco has been killed.  The remaining named Defendants — Luis Eduardo Manjarres-Pumarejo, arrested in Colombia on May 9, 2009, and Arnulfo Sanchez-Gonzalez, still a fugitive — will not be extradited for many months, if ever, and the United States has stated that trial will not await their arrival.

Under these circumstances, the Court has no trouble concluding that the complexity of the case tolls speedy trial provisions.  *See* 18 U.S.C. § 3161(h)(7)(B).  In determining whether to grant a continuance, one factor the court must consider is

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

preparation for pretrial proceedings or for the trial itself within the time limits.

18 U.S.C. § 3161(h)(8)(B)(ii).  The evidence in this case is in one or more foreign languages and both written and oral (wiretapped) evidence must be translated into English before it can be of use to either the defense or the prosecution.  Witnesses and other pieces of evidence must be brought to the United States for trial, which will require significant international arrangements.  It is entirely unreasonable to expect defense counsel to absorb the evidence, share it with his client, consider it so as to provide effective advice, and then determine with Mr. Parga-Rivas how they want to proceed all within seventy days.  It is entirely unreasonable, in fact, to expect the Government to produce fully translated copies of the extensive evidence within seventy days for the defense to even begin its consideration and evaluation.  This conclusion is within the normal precedent for application of this provision of the Speedy Trial Act.  *See United States v. Brooks*, 697 F.2d 517 (3rd Cir. 1982) (9 defendants and 4 counts made the case complex); *United States v. Al-Arian*, 267 F. Supp. 2d 1345 (M.D. Fla. 2003) (19 months continuance based on 21,000 hours of recorded conversations in Arabic, hundreds of boxes of commentary evidence, and voluminous foreign law enforcement materials).

This case also qualifies for exclusion of speedy trial time because of the exception for multiple absent defendants, *i.e.*, a "reasonable period of delay" is allowed "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  18 U.S.C. § 3161(h)(6).  Such is the case here and, to its credit, the United States has indicated that it will not seek to obtain the presence in the United States of all co-defendants since the extradition process takes so long.  Nonetheless, the desirability of trying the co-

defendants together – with its concomitant savings of trial preparation time, witness time, foreign travel, court time, and jurors' time – made it quite reasonable to await the arrivals of the remaining two defendants.  This circumstance falls directly into the Speedy Trial Act exception.  *See United States v. Varella*, 692 F.2d 1352, 1358 (11th Cir. 1982); *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998).

Mr. Parga-Rivas seems to recognize the weakness of his arguments under the Speedy Trial Act and offers only a short paragraph, without case citations.  The Court finds no violation of his speedy trial rights on this record.

### B.  Sixth Amendment

In *Barker v Wingo*, 407 US 514, 530 (1972), the Supreme Court identified four factors on which a court should base its analysis of the constitutionality of the delay of a criminal trial: (1) the length of delay, (2) the reason(s) for the delay, (3) the defendant's assertion of his rights, and (4) any prejudice to the defendant.  Mr. Parga-Rivas argues that each of these points supports his motion to dismiss.

First, he contends that Sixth Amendment rights are "triggered by arrest, indictment, or other official accusation," *id*. at 655, which means that Mr. Parga-Rivas's speedy trial rights here began when the original indictment was returned in 2007.  He notes that it has been about two years since he was first indicted and that he's been incarcerated (in Colombia and the U.S.) for 14 months.  Despite the passage of this much time, he suggests that his trial will not occur until far in the future, when all co-defendants have been extradited and all discovery has been produced.

Second, Mr. Parga-Rivas attacks the reasons for the delay in his trial date.  He notes that the Government has an obligation to make a diligent and good faith effort to seek the presence

of a defendant for trial; that two of his co-defendants have been held by the Colombian authorities since May 2008; and that none of them is yet extradited (Defendant Bonilla-Medina was not extradited when Mr. Parga-Rivas filed his motion). Mr. Parga-Rivas attributes all of this delay to the United States Government (certainly not to him) and argues that it should be found to lack adequate justification.

Third, Mr. Parga-Rivas asserted his rights to a speedy trial as soon as he appeared before a magistrate judge in the United States; counsel is unaware of whether Mr. Parga-Rivas made claims to a speedy trial while held by Colombian authorities in Colombia.

Fourth, Mr. Parga-Rivas claims that he has been unduly prejudiced by the delay in getting his case to trial. He argues that the alleged criminal events are four-five years in the past. He also assails the inadequate discovery from the United States and argues that the delay associated with receiving full discovery has significantly prejudiced him and his trial preparation.

The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "[A] defendant generally cannot establish a Sixth Amendment speedy trial claim, however long the delay, if the government pursued the prosecution with 'reasonable diligence,' and the defendant fails to show that the delay resulted in 'specific prejudice to his defense.'" *United States v. Doggett*, 505 U.S. 647, 656 (1992); *see also Barker*, 407 U.S. at 522 (rejecting a rigid rule because of the "unsatisfactorily severe remedy of dismissal of the indictment"). The factors identified by the Supreme Court to assess this right demand a functional analysis that is "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 530.

Mr. Parga-Rivas makes his situation appear lengthy and extraordinary only by

collapsing the time he spent detained in Colombia, a sovereign nation in which he was not under the control of the United States, and his continuing detention in the United States.  He attempts to start counting 70 days from the time the first indictment was returned; however, that was under seal and he was not presented to a judicial officer for years thereafter.  Since his appearance in this Court, the Court can find no prejudice to Mr. Parga-Rivas because the Government began providing complex discovery for his review while awaiting the extradition of his co-defendants.  The Government has demonstrated repeatedly that it has acted diligently in this matter and that important considerations support its desire to try four of the alleged conspirators in a single trial.  Mr. Parga-Rivas adds very little to the balance to outweigh the Government's efforts and arguments.

The length of the delay in this case (approximately six months) does not trigger a constitutional speedy trial analysis.  Such a delay in the context of a complex, international drug trafficking prosecution involving foreign defendants is certainly not unusual.

### C.  Rule 48(b), Fed. R. Crim. P.

"[A] Rule 48(b) dismissal 'should be imposed only in extreme circumstances.'" *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992) (quotation omitted).  When the Speedy Trial Act does not require dismissal, it would be imprudent to grant dismissal under Rule 48(b). *United States v. Paredes-Batista*, 140 F.3d 367, 376 (2d Cir.) , *cert. denied*, 119 S. Ct. 143 (1998). Mr. Paarga-Rivas claims that the Government has caused unnecessary delay and, despite repeated opportunities to justify the delay in this case, it has failed to offer a sufficient explanation for the delay.  Counsel's argument flies in the face of the facts in the record.

There are no extreme circumstances here; only a delay of about four months beyond the 70 days allowed by the Speedy Trial Act for much more simple cases with all defendants present

and accounted for.  Rule 48(b) provides no basis here to dismiss the Superceding Indictment.

## IV.  CONCLUSION

The motion to dismiss [Dkt. # 13] will be **DENIED**.  A memorializing order accompanies this memorandum opinion.


Date:   October 2, 2009                      _____/s/_____
                                             ROSEMARY M. COLLYER
                                             United States District Judge